IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:  5:17-cr-5-RH/MJF
                                                   5:19-cv-131-RH/MJF

WILLIE WALKER

---

## REPORT AND RECOMMENDATION

This matter is before the court upon the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed by Defendant Willie Walker ("Walker"). Doc. 157.[1]  The government filed a response, Doc. 166, and Walker filed a reply, Doc. 170. After a review of the record and the arguments presented, the undersigned recommends that the section 2255 motion be denied without an evidentiary hearing. *See* Rule 8(a)-(b), Rules Governing Section 2255 Cases.

## I—Procedural Background

On March 8, 2017, a federal grand jury charged Walker in a single-count indictment with a violation of 18 U.S.C. § 242. Doc. 1. Walker, who was acting under color of law as a correctional officer employed by the State of Florida,

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

allegedly assaulted and struck "WH," an inmate at Gulf Correctional Institution ("Gulf CI"), resulting in bodily injury and depriving WH of the right not to be subjected to cruel and unusual punishments.[2] After Walker's arrest, the court-appointed attorney Jean Marie Downing to represent him. Doc. 16.

After a four-day trial, a jury found Walker guilty and specifically found that he caused bodily injury to the victim. Doc. 120. The final Presentence Investigation Report ("PSR") determined Walker's base offense level for an offense was 10. Doc. 126 ¶ 31. A six-level adjustment applied pursuant to section 2H1.1(b)(1)(B), because Walker was acting under color of law when he committed the offense. *Id.* ¶ 32. His total offense level was 16, which, when combined with his criminal history category of I, resulted in a guidelines range of 21 to 27 months of imprisonment. *Id.* ¶¶ 39, 44, 86. The District Court sentenced Walker to a term of 21 months of imprisonment followed by 12 months of supervised release. Doc. 147.

Walker appealed and challenged only the substantive reasonableness of his sentence. *United States v. Walker*, 769 F. App'x 837, 838 (11th Cir. 2019). The Eleventh Circuit affirmed Walker's sentence on April 24, 2019. *Id.*

Walker timely filed the instant motion on May 6, 2019. He raises nine claims of ineffective assistance of counsel.

---

[2] The victim was identified only by his initials in the indictment, but his full name was stated in various documents filed with the court.

## II—Facts Established at Trial

Walker was employed as a corrections sergeant at Gulf CI run by the Florida Department of Corrections ("FDC"). On March 5, 2015, Walker and his colleagues were conducting a planned search of one of the prison dormitories. The inmates were informed there was a fire drill and that they should immediately exit the dormitory without dressing. Each inmate was searched by a metal-detector wand upon exiting and instructed to go to a designated area and not speak.

Walker motioned to WH, who had passed the wand search, to get the attention of another inmate, who was speaking. WH refused. WH explained at trial that he did not comply with Walker's order because he could have been blamed by the other inmate and been in physical harm if the inmate had been subjected to any punishment. Walker then ordered WH to take a half-seated squat position against the wall, and WH again refused. Walker began yelling at WH, and the officer-in-charge, Joseph Mastro, instructed Walker to bring WH to the Center Gate office to resolve their dispute.

Officers Mullins and Walker escorted WH to the Center Gate office where Mullins transferred custody of WH to Officer Mamoran. Walker spontaneously sprayed WH in the eyes with Oleoresin Capsicum ("O.C.") or "pepper" spray, punched and kicked him, and hit him in the head with the O.C. can. WH fell to the floor, and Walker continued to beat him until Officer Mamoran got between them

and handcuffed WH. Mamoran left when other officers arrived on the scene, and officers discovered a 14-inch shank on the floor near WH. WH suffered serious lacerations, facial swelling, and a broken nose. The FDC transferred WH to another facility to obtain medical attention.

Walker submitted an incident report which stated that WH had failed the wand test. According to Walker's report, when Walker took WH into the office, it appeared that WH was going to draw a weapon, and Walker responded in self-defense. Walker's report contradicted the testimony of other inmates and officers, including the officer who was in the Center Gate office with Walker. Witnesses indicated that a 14-inch shank would have been discovered during a pat-down if WH had failed the metal-detector wand search; there were closer locations where Walker could have conducted a strip search of WH; and Walker could have used a walk-through metal detector if he believe that WH had a weapon. It was reasonable to conclude that Walker planted the shank because there was no blood or O.C. spray on the shank, and neither fingerprints nor DNA were discernable.

### III—Legal Standards

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited.

A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) otherwise is subject to collateral attack. 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Relief under section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal generally are not actionable in a section 2255 motion and are procedurally barred. *Lynn*, 365 F.3d at 1234-35; *see Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay*, 657 F.3d at 1195. An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)).

Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Id.* at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Ineffective assistance of counsel claims generally are properly raised by a section 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of

the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

In determining whether counsel's conduct was deficient, a court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When reviewing the performance of an experienced trial counsel the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S. at 693). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04 (2001).

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). Conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue

a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Att'y Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

Although an evidentiary hearing may be required, not every claim of ineffective assistance of counsel warrants such a hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon*, 518 F.3d at 1301. To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Accordingly, conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

## IV—ANALYSIS OF WALKER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

### A.     Ground One—Failure to Prepare Walker to Testify at Trial

Walker's first claim is that his trial attorney was ineffective because she did not prepare Walker to testify at trial. Doc. 157 at 4. Walker asserts that counsel met with him only three times to prepare for trial.

Despite the allegedly insufficient preparation, Walker's testimony appears organized and cogent. Doc. 146 at 61-142.[3] He does not explain how his attorney could have better prepared him to testify, how he would have testified differently, or how the outcome of the proceedings would have changed with additional preparation. In light of the abundant evidence of Walker's guilt, it is not apparent how additional preparation of Walker would have made any difference in his case, and Walker fails to articulate any way in which additional preparation would have altered his testimony or the outcome of his case.

In the statement of facts in support of this claim, Walker also complains that his counsel failed to depose each of the government's witnesses before trial. Federal law, however, does not give a criminal defendant a right to depose prosecution witnesses prior to trial as a means of discovery. Rather, Rule 15 of the Federal Rules of Criminal Procedure authorizes depositions of potential trial witnesses as a means to preserve their testimony for trial. Fed. R. Crim. P. 15(a). A party, however, must

---

[3] Transcript citations are to the page numbers assigned in the electronic record.

move for such depositions and must demonstrate "exceptional circumstances" warranting such relief. Walker has not identified any exceptional circumstances and he does not identify any potential defense witness who was unable to testify at his trial. Walker, therefore, has not demonstrated that his counsel's performance was deficient. Even if his counsel had been deficient in this respect, Walker has not demonstrated that not deposing these witnesses caused him any prejudice.

Finally, Walker asserts that his counsel's failure to visit the Gulf CI to observe the scene of the alleged crime was constitutionally ineffective. Defense counsel typically does not need to view the scene of a crime. Regardless, Walker has not explained what information counsel could have obtained from viewing the scene of the crime, and he also does not state how this would have changed the outcome of this case.

Having failed to explain how his counsel's performance was deficient or how he was prejudiced by counsel's conduct, he has not met his burden under *Strickland*, and he is not entitled to relief. *See Boyd*, 697 F.3d at 1333.

## B.    <u>Ground Two—Failure to Move to Dismiss the Indictment</u>

Walker next contends that his counsel was constitutionally ineffective because she did not move to dismiss the indictment. He maintains that the indictment was defective because: (1) it omitted the essential elements of the crime; and (2) the U.S.

Attorney who signed the indictment "lacked the authority to prosecute." Doc. 157 at 6.

Walker does not identify which element of 18 U.S.C. § 242 the government failed to allege in the indictment. A felony violation of section 242 has four elements: a defendant (1) willfully, (2) acted under color of law, (3) to deprive a person of rights protected by the Constitution of the United States, (4) and in doing so caused bodily injury. *United States v. Lanier*, 520 U.S. 259, 264 (1997). The indictment clearly alleges each of these elements. Doc. 1. The indictment was not deficient, and therefore Walker's counsel's performance was not deficient insofar as she did not move to dismiss the indictment. Walker's ancillary claim that U.S. Attorney Christopher Canova lacked authority to prosecute him is conclusory and unsupported. Walker does not offer any basis for his claim that the U.S. Attorney "lacked authority" to prosecute him. Walker's counsel, therefore, was not ineffective for failing to raise either of these meritless claims. *Hollis v. United States*, 958 F.3d 1120, 1124 (11th Cir. 2020); *Denson*, 804 F.3d at 1342.

## C.    Ground Three—Failure to Object to Impeachment and Vouching

Walker next asserts that his counsel performed deficiently because she failed to timely object to the prosecutor's attacks on Walker's credibility and his alleged "vouching" for government witnesses during trial and closing argument. Doc. 157 at 9.

On the second day of trial, the government noted that several of its witnesses had been asked about Walker's reputation for lawfulness and that it had relevant information it sought to introduce on this subject. Doc. 144 at 196-98. It claimed to have witnesses who could testify that in 2004, Walker had resigned, in lieu of termination, from the Marianna Police Department after he misappropriated "hundreds of dollars" intended to fund his participation in a charity Olympics. *Id.* at 197. The following day, the court instructed the government that if Walker testified it could cross-examine him about the misappropriation from the Marianna Police Department, but as set out in Federal Rule of Evidence 608(b), the government could not introduce extrinsic evidence on this subject. Doc. 145 at 2-5.

Walker testified, and the prosecutor attempted to impeach him with respect to the misappropriation of funds. Doc. 146 at 135-37. Walker contends that the courtroom "was hostile loud with hateful words coming from the" Assistant U.S. Attorney. Doc. 157 at 9 (grammatical errors left in). Walker has failed to demonstrate, however, that the Assistant U.S. Attorney violated the Federal Rules of Evidence in cross-examining Walker. Because the cross-examination was proper, there was no basis for his attorney to object. An attorney is not acting deficiently when he declines to make meritless objections. *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017); *Denson*, 804 F.3d at 1342.

As to Walker's argument that the prosecutor "vouched" for government witnesses, a prosecutor may not bolster a witness's testimony by vouching for the witness's credibility. *United States v. Maradiaga*, 987 F.3d 1315, 1327 (11th Cir. 2021) (quoting *United States v. Sosa*, 777 F.3d 1279, 1295 (11th Cir. 2015)). Improper vouching occurs when the jury could reasonably believe that the prosecutor was indicating a "personal belief" in the witness's credibility. *Id.*; *United States v. Lopez*, 590 F.3d 1238, 1257 (11th Cir. 2009).

To determine whether a prosecutor's comments are improper, a court must consider whether: (1) the prosecutor placed the prestige of the government behind the witness by making explicit personal assurances of the witness's credibility; or (2) the prosecutor implicitly vouched for the witness's credibility by implying that evidence not presented to the jury supports the witness's testimony. *Maradiaga*, 987 F.3d at 1327; *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1218 (11th Cir. 2010).

Walker has not identified any specific instances where the prosecutor improperly vouched for the government's witnesses, and in its review of the record, the undersigned has located none. Walker, therefore, has failed to carry his burden with respect to this claim. He has not demonstrated that his counsel was deficient or that her deficient performance caused Walker prejudice.

Within this same ground for relief, Walker also summarily asserts that counsel failed to prepare defense witnesses before the trial commenced and failed to conduct an adequate pretrial investigation. Doc. 157 at 12. Counsel's duty to investigate "does not necessarily require counsel to investigate every evidentiary lead." *Williams v. Allen*, 542 F.3d 1326, 1337 (11th Cir. 2008). Indeed, it is always true that trial counsel "could have done something more or something different." *Chandler*, 218 F.3d at 1313. As with Walker's other claims, he does not identify how further investigation or preparation of witnesses would have helped his case. Walker's bare assertions of error are insufficient to carry his burden of demonstrating deficient performance and prejudice.

D.    **Ground Four—Failure to Object to a Speedy Trial Act Violation**

Walker next contends counsel waived his right to a speedy trial without his consent, failed to file a motion to discharge him from custody after an alleged Speedy Trial Act violation, and failed to preserve this issue on appeal. Doc. 157 at 14. Walker's claim fails because he is mistaken about the existence of a Speedy Trial Act violation in this case.

The Speedy Trial Act provides that the trial of any defendant who pleads "not guilty" must begin within 70 days of either the filing of the indictment or the date the defendant first appears before a judicial officer to answer the charges, whichever occurs later. 18 U.S.C. § 3161(c)(1). In computing the 70-day speedy-trial period,

the Speedy Trial Act excludes any "period of delay resulting from a continuance granted by any judge" after a finding that "the ends of justice served" by the continuance "outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

Walker was indicted on March 8, 2017, and first appeared before a magistrate judge on March 15, 2017. Docs. 1, 10. The jury trial was set for May 15, 2017. Doc. 13. On May 3, 2017, when seven weeks had elapsed, Walker's counsel filed an unopposed motion for a continuance in which she represented that she had advised Walker of her need for an extension of time, he requested she remain on his case, and Walker "agreed to a reasonable continuance." Doc. 18 at 2. The District Court, therefore, continued the trial until the period beginning on August 21, 2017, finding that "the ends of justice that will be served by granting the continuance outweigh the interest of the public and the defendant in a speedier trial." Doc. 20.

On August 8, 2017, Walker's counsel filed a second unopposed motion to continue the trial date. Doc. 40. Again, she stated she had advised Walker of the issue, he requested she remain on his case, and he had agreed to a reasonable continuance. *Id.* at 2. The District Court again found "that the ends of justice that will be served by granting the continuance outweigh the interest of the public and the defendant in a speedier trial" and, therefore, rescheduled the trial to September

18, 2017. Doc. 41. The trial began on September 26, 2017, just 57 days into the Speedy Trial period. Thus, there was no violation of the Speedy Trial Act.

Walker's claim that he did not consent to his attorney filing the motions to continue is contradicted by emails he submitted as attachments to his petition. In those emails, Walker's attorney informs him that she cannot be prepared for trial on the date set, and informs Walker that he can either consent to her filing a motion to continue the trial or he can decline to consent, in which case his attorney would ask the court to appoint new counsel for Walker. Doc. 157 at 87. Walker responded that he had "no objection" to the continuance and indicates he does not want Ms. Downing off the case because he feels "very confident with her." *Id.*

Regardless, even if there had been a Speedy Trial Act violation, and even if Walker's counsel had been deficient in seeking two continuances and failing to object to the continuances, Walker has not demonstrated that his counsel caused him prejudice by moving to continue or in failing to object to an alleged violation of the Speedy Trial Act. Walker, therefore, has failed to demonstrate that his counsel was constitutionally ineffective with respect to ground four.

### E.    Ground Five—Failure to File Pretrial Motions

Walker next claims that his counsel was ineffective because she did not file a pretrial motion *in limine*, pursuant to Federal Rule of Evidence 404(b), to exclude

the testimony of inmates Roger Miller, Robert Kenon, and Roosevelt Franklin, which Walker characterizes as "false."

Under Federal Rule of Evidence 404(b)(2), evidence of crimes, wrongs, or other acts may be admissible to prove motive, intent, or knowledge. Fed. R. Evid. 404(b)(2). Rule 404(b) "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). The Supreme Court further noted that evidence of extrinsic acts "may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Id.*

In Walker's case, the government was required to prove that Walker acted willfully and voluntarily when he beat the victim. *Lanier*, 520 U.S. at 264. To show "willfulness," the government was required to demonstrate that Walker acted with the specific intent to deprive the victim of his right not to be subjected to cruel and unusual punishments. *Screws v. United States*, 325 U.S. 91, 104 (1945). "Willfulness is rarely proven by direct evidence; rather, the factfinder must" draw a reasonable inference from the facts. *United States v. Beidler*, 110 F.3d 1064, 1069 (4th Cir. 1997); *United States v. Colston*, 4 F.4th 1179, 1190 (11th Cir. 2021) ("Guilty

knowledge can rarely be established directly. But a jury may infer knowledge based on circumstantial evidence."). Willfulness, for example, may be demonstrated by showing a pattern of similar conduct. *United States v. Schafer*, 580 F.2d 774, 782 (5th Cir. 1978).

Accordingly, there was a basis for the District Court to admit evidence of other bad acts committed by Walker against other inmates. The District Court properly instructed the jury of the limited purpose for which the evidence could be considered. Before counsel examined Miller—the first of the three inmate witnesses—the District Court informed the jury:

> You can consider the testimony not to decide whether Mr. Walker, in fact, struck [WH] as charged in this case; but, if you find based on other evidence that Mr. Walker did, in fact, strike [WH] or did use gas on [WH], then part of what you're going to have to do is to decide why and what Mr. Walker's intent was when he did it.

> When you're considering somebody's intent—whether he did something on purpose, whether it was an accident, that kind of thing – you can consider what the person did on other occasions. So you can consider Mr. Miller's testimony in deciding – in considering Mr. Walker's intent, whether something was done on purpose, whether it was a mistake, when you go about analyzing the events on March 1st, 2015, that are the subject of the charge in the case.

Doc. 145 at 113. The District Court reiterated this before Franklin testified *Id.* at 136-37. Furthermore, the District Court restated this in its final instructions to the jury. Doc. 116 at 9.

Walker has not shown that the District Court erred in admitting the testimony of Miller, Kenon, or Franklin. Walker has not shown that the probative value of the evidence was outweighed by the danger of unfair prejudice. Because the District Court properly admitted this testimony with a limiting instruction, Walker's counsel was not constitutionally ineffective for failing to file a meritless motion *in limine* to exclude this testimony.

**F.   Ground Six—Failure to Object to Alleged Judicial Bias**

Walker next asserts that his counsel was constitutionally ineffective because she did not object to the District Court's alleged bias against Walker. Doc. 157 at 19.

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. Likewise, the Due Process Clause of the Fifth Amendment requires a judge to recuse himself when "there is a serious risk of actual bias," based on "objective and reasonable perceptions." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009). "Not only is a biased decisionmaker constitutionally unacceptable but 'our system of law has always endeavored to prevent even the probability of unfairness.'" *Winthrow v. Larkin*, 421 U.S. 35, 48 (1975) (quoting *In re Murchinson*,

349 U.S. 133, 136 (1955)). A court must ask itself "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation omitted); *see Curves, LLC v. Spalding Cnty., Ga.*, 685 F.3d 1284, 1287 (11th Cir. 2012); *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). But when a federal judge has no bias, he has an obligation *not* to recuse himself. *In re United States,* 441 F.3d 44 (1st Cir. 2006); *United States v. Avilez-Reyes,* 160 F.3d 258, 260 (5th Cir.1998); *In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988); *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987).

A litigant moving for recusal of a federal judge must allege facts supporting his contentions that the judge is biased. *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999). That is, he must allege facts from which a reasonable person could conclude that the judge's impartiality could be questioned, or facts that establish that a particular ground for disqualification actually exists. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)); *see Murray v. Scott*, 253 F.3d 1308, 1313 (11th Cir. 2001). Of course, adverse rulings are not in themselves a basis to disqualify a judge. *Liteky v. United States,* 510 U.S. 540, 555 (1994); *Loranger v. Stierheim,* 10 F.3d 776, 780 (11th Cir. 1994).

Walker cites "Exhibit D" to his motion in support of his assertion that the District Court was biased. Doc. 157 at 52-74. Exhibit D contains a portion of the trial transcript in which the District Court made evidentiary rulings regarding Rules 403, 404, 405, and 608 of the Federal Rules of Evidence. There is nothing in that trial transcript, or anyplace else in the record, which indicates that the District Court had any bias. Rather, the District Court simply applied the law to the facts of the case. A district court has a duty "to administer the law as it finds it." *The Apollon*, 22 U.S. (9 Wheat.) 362, 366 (1824). A court's application of the law to the facts of the case does not indicate bias. *See Republican Party of Minn. v. White*, 536 U.S. 765, 777 (2002). Rather, it indicates that the court is abiding by its duty to apply the law evenhandedly. Walker has utterly failed to meet his burden of identifying instances or evidence of bias. Accordingly, Walker has not demonstrated that his counsel was ineffective for failing to make a meritless objection about "judicial bias." *Hollis*, 958 F.3d at 1124.

## G.    <u>Ground Seven—Inadequate Motion for Judgment of Acquittal</u>

Walker contends that his attorney did not "properly" move for a judgment of acquittal. Walker asserts that his attorney should have argued that he had no criminal intent to harm WH, and because Walker used force against WH only in self-defense, he did not willfully deprive WH of his constitutional rights. Doc. 157 at 21.

Rule 29(a) of the Federal Rules of Criminal Procedure "requires the district court, on its own or on the defendant's motion after the close of the government's evidence, or after the close of all the evidence, to enter a judgment of acquittal for 'any offense for which the evidence is insufficient to sustain a conviction.'" *United States v. Willner*, 795 F.3d 1297, 1306-07 (11th Cir. 2015) (quoting Fed. R. Crim. P. 29(a)). When addressing a motion for judgment of acquittal, a district court must view the evidence in the light most favorable to the government, must resolve any questions of credibility in the government's favor, and must draw all inferences in favor of the prosecution. *See United States v. Wheeler*, 16 F.4th 805, 818-19 (11th Cir. 2021); *Willner*, 795 F.3d at 1307. Walker's attorney correctly moved for a judgment of acquittal at the close of the government's case, and argued that the government had not established the elements of charged offense. Doc. 145 at 144. The District Court denied the motion. After the defense presented its case, Walker's attorney renewed her motion for judgment of acquittal, and the District Court again denied the motion. Doc. 146 at 144. Because the government had presented sufficient evidence as to each element, the District Court was required by law to deny the motion for judgment of acquittal, regardless of the manner in which Walker's attorney packaged her arguments. In light of the evidence presented by the government, there was no additional argument that Walker's counsel could have made that would have secured a judgment of acquittal. Walker, therefore, has not

demonstrated that his counsel's performance was deficient or that her performance resulted in prejudice to him.

## H.    <u>Ground Eight—Prior Bad Acts by Inmate Witnesses</u>

Walker next argues that his counsel was ineffective because she "allowed" the judge and the prosecutor to block the defense from submitting evidence of prior bad acts committed by the victim, WH, and witnesses Roosevelt Franklin and Roger Miller. Doc. 157 at 24. Walker also rehashes his argument that the District Court was biased.

As noted above, an attorney is not deficient for failing to make meritless arguments or objections. *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Walker has not demonstrated that the District Court erred in making evidentiary rulings regarding Walker's desire to impeach WH, Franklin and Miller. This issue is governed by the Federal Rules of Evidence, and Walker has not shown that any ruling by the District Court violated those rules. Because he has not shown any error on the part of the District Court, counsel could not have been deficient for failing to make a meritless argument or objection, and failure to make a losing argument could not have caused prejudice to Walker. Furthermore, to the extent Walker again complains about "judicial bias," as discussed above, he has failed to demonstrate any bias.

I.    **Ground Nine—Failure to Request a Self-Defense Instruction**

Finally, Walker argues that his attorney was deficient insofar as she failed to request that the District Court provide a "self-defense" jury instruction.

The "Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986)); *United States v. Nunez*, 1 F.4th 976, 991 (11th Cir. 2021). Generally, "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988); *United States v. Grady*, 18 F.4th 1275, 1294 (11th Cir. 2021); *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995). The law does not require cumulative jury instructions, however. *United States v. Rodriguez-Suarez*, 856 F.2d 135, 140 (11th Cir. 1988). A defendant is not entitled to a separate instruction on his theory of defense if the relevant defense is already part of another jury instruction. *United States v. Shulick*, 18 F.4th 91, 113 (3d Cir. 2021). Furthermore, a "defendant is not entitled to a particularly worded instruction on his theory of defense." *United States v. Franklin*, 960 F.3d 1070, 1072 (8th Cir. 2020). When a trial court's instructions are legally correct as given and cover the defenses suggested by the facts adduced at trial, "the failure to request an additional instruction does not constitute deficient performance." *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001).

The District Court and Walker's counsel noted that the government was required to prove beyond a reasonable doubt that Walker was not acting in self-defense when he struck the victim and, therefore, no separate instruction on the defense of self-defense was necessary:

> MS. DOWNING: [I] just wanted to ask the court if you thought there needed to be any type of self-defense instruction. I don't think that's where we're going, where it's a constitutional law violation, and the court has indicated in there that an officer can defend himself.
>
> THE COURT: Yeah, I mean, that's part of the substantive offense.
>
> MS. DOWNING: Right
>
> THE COURT: So, it's covered in the substantive instruction. It's not a defense. It's part of the Government's case.
>
> MS. DOWNING: I agree. I just wanted to alert the court.
>
> THE COURT: Fair enough.

Doc. 146 at 144-45.

> Consistent with this discussion, the jury instructions stated in relevant part:
>
> An inmate has a constitutional right to be free of excessive force. Excessive force is force used without a legal reason for the very purpose of inflicting pain or injury. *An officer does not use excessive force if the officer uses force to protect himself from an assault by an inmate that the officer reasonably believes is imminent*. An officer does not use excessive force if the officer reasonably believes the force is necessary to maintain or restore order—for example to prevent or quell a disturbance.
>
> To act willfully means to act voluntarily and deliberately. An officer willfully assaults an inmate *if the officer deliberately assaults the inmate and does not believe that doing so is necessary to protect the*

> *officer from an imminent assault* or to maintain or restore order, for
> example, to prevent or quell a disturbance.

Doc. 146 at 180 (emphasis added). Thus, the District Court essentially instructed the jury that it could not convict Walker if it found that he was acting in self-defense. There was no need, therefore, for an additional instruction on self-defense. Counsel was not deficient for failing to propose a redundant instruction on this point, and Walker has not shown that he suffered prejudice by his counsel's decision not to propose a redundant instruction.

### V—A Certificate of Appealability Is Not Warranted

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases. Walker has not shown that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, a certificate of appealability is not warranted.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Court in the objections permitted to this report and recommendation.

## VI—Conclusion

Walker has not established both deficient performance by counsel and prejudice as to any of the claims raised in his section 2255 motion. Counsel's performance viewed as a whole was not unreasonable, and Walker has not demonstrated a violation of his right to effective assistance of counsel under *Strickland*. *See Dingle*, 480 F.3d at 1099. Because the motion and the record conclusively show Walker is not entitled to relief, an evidentiary hearing is not required. The undersigned respectfully **RECOMMENDS** that:

1.    Walker's motion to vacate, set aside, or correct sentence, Doc. 157, be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of December, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is**

**for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.